UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESSICA WEST., | Case No.: 3:24-cv-5265-BHS |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| CROWN ASSET MANAGEMENT LLC | |
| Defendant. | Jury Trial: ☒ Yes  ☐ No |

## INTRODUCTION

1. This is a civil action for actual, punitive, statutory damages and cost brought by Jessica West ("Plaintiff") an individual consumer, against the defendant, Crown Asset Management LLC for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq., and the Washington Consumer Protection Act RCW 19.86. et seq.

2. Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

COMPLAINT FOR A CIVIL CASE - 1

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 15 U.S.C § 1692k(d), and 28 U.S.C. § 1331. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events, omissions, or conduct giving rise to Plaintiff's claim occurred in this judicial district. Defendant, Crown Asset Management LLC transacts business in Tacoma, WA.

COMPLAINT FOR A CIVIL CASE - 2

4. The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

## PARTIES

5. Plaintiff Jessica West is a natural person and consumer as defined by 15 U.S.C. § 1692a(3), residing in Tacoma, WA.

6. Upon information and belief, Crown Asset Management LLC's principal office is located at 3100 Breckinridge Blvd Unit 725, Duluth, GA 30096, and accepts service of process at CT Corporation, 711 Capitol Way S STE 204, Olympia, WA 98501.

7. Defendant Crown Asset Management LLC is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. The acts of Defendant as described in this complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or their owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

9. Prior to this action giving rise, Plaintiff incurred a financial obligation with First Bank & Trust/Mercury credit card for a personal credit account used for household purposes and therefore is a "debt" as that term is defined by 15 U.S.C § 1692a(5).

10. On February 9th, 2024, the Defendant sued the plaintiff alleging that they acquired the defaulted debt.

11. RCW 19.16.260(2)(c)(v) requires debt buyers to provide a disclosure in the complaint, in no smaller than ten-point type, stating: If the claim or obligation was at any time sold without any representation or warranty of accuracy.

12. The defendant brought legal action against a debtor (The Plaintiff) without providing disclosure in the complaint in no smaller than ten point type, stating: If the claim or obligation was at any time sold without any representation or warranty of accuracy.

13. The lack of disclosure constitutes a misleading representation to the Plaintiff about the nature and accuracy of the debt being collected.

15. Initiating a lawsuit without providing necessary and legally required disclosures undermines the fairness of the debt collection process which constitutes an unfair practice under the FDCPA.

16. The Defendant's actions have caused damages of emotional distress, loss of time, anxiety, and other costs associated with bringing this claim.

24. The intensity of the emotional distress experienced by the Plaintiff necessitated seeking comfort and counsel from a spiritual advisor. Specifically, Plaintiff sought guidance and support from a minister to cope with the distress caused by Defendant's actions.

25. The emotional distress suffered by Plaintiff is a direct consequence of Defendant's unlawful debt collection practices and represents a significant harm for which Plaintiff seeks redress.

## COUNT 1 VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C § 1692e(10) DEFENDANT CROWN ASSET MANAGEMENT LLC.

27. All preceding paragraphs are realleged.

28. The defendant used false representation and deceptive means to collect or attempt to collect a debt by wilfully not including the required disclosures required by state law.

29. The defendant brought legal action against a debtor (The Plaintiff) without providing disclosure in the complaint in no smaller than ten point type, stating: If the claim or obligation was at any time sold without any representation or warranty of accuracy according to RCW 19.16.260(2)(c)(v).

30. Defendants' violations of 15 USC §1692e(10) caused Plaintiff actual damages of worry, anxiety, emotional distress, and loss of time.

31. As a result of the Defendant's violations of the Fair Debt Collection Practices Act, the Defendant is liable for actual under 15 U.S.C § 1692k(a)(1) and statutory damages under 15 U.S.C § 1692k(a)(2)(A).

## COUNT II VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C § 1692f DEFENDANTS CROWN ASSET MANAGEMENT LLC

39. All preceding paragraphs are realleged.

40. Defendants used unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

41. In this instance, despite knowing their requirements according to RCW 19.16.260(2)(c)(v) to disclose if the claim or obligation was at any time sold without any representation or warranty of accuracy, Defendant sued Plaintiff and willfully omitted this disclosure. This action constitutes an unfair practice under 15 U.S.C. § 1692f.

43. By failing to provide the required disclosure under RCW 19.16.260(2)(c)(v), Defendant has engaged in an unfair collection practice that is likely to mislead and deceive the consumer, thereby violating 15 U.S.C. § 1692f.

42. Defendants' violations of 15 USC §1692f caused Plaintiff actual damages of worry, anxiety, emotional distress, and loss of time.

43. As a result of the Defendant's violations of the Fair Debt Collection Practices Act, the Defendant is liable for actual under 15 U.S.C § 1692k(a)(1) and statutory damages under 15 U.S.C § 1692k(a)(2)(A).

### *GENERAL ALLEGATIONS APPLICABLE TO ALL WASHINGTON CONSUMER PROTECTION ACT CLAIMS*

40. Violations of RCW 19.16.260 are per se violations of the Washington Consumer Protection Act ("CPA"), RCW chapter 19.86. See RCW 19.16.440. RCW 19.86.090 provides for treble damages (to a limit of $25,000).

41. Because RCW chapter 19.16 is enforced through RCW 19.86 et seq, the below counts alleging violations of RCW Chapter 19.16 are therefore Consumer Protection Act violations.

42. Even minimal or nominal damages constitute "injury" under the CPA. *Panag*, 166 Wn.2d at 57. A plaintiff need not prove any monetary damages at all, as even "unquantifiable damages" suffice to establish "injury" for purposes of the CPA. Id. (citing Nordstrom, Inc. v. Tampourlos, 107 Wn.2d 73S, 740 (1987).

### COUNT III VIOLATION OF THE WASHINGTON COLLECTION AGENCIES ACT RCW 19.16.260(2)(c)(v) DEFENDANT CROWN ASSET MANAGEMENT LLC

43. All preceding paragraphs are realleged.

44. Defendant violated RCW 19.16.260(2)(c)(v) by bringing legal action against a debtor (The Plaintiff) without providing disclosure in the complaint in no smaller than ten point type, stating: If the claim or obligation was at any time sold without any representation or warranty of accuracy.

## **COUNT IV VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT RCW 19.86 DEFENDANT CROWN ASSET MANAGEMENT LLC**

47. All preceding paragraphs are realleged.

48. The foregoing violations of RCW 19.16.260 constitute "per se" violations of the Washington Consumer Protection Act.

49. In addition, Defendants' violations of the FDCPA as outlined above themselves constitute per se violations of the CPA. *See Sims v. Midland Funding LLC*, 2021 WL 1546135 at *5 (W.D. Wash. Apr. 20, 2021) (citing *Hoffman v. Transworld Sys. Inc*, 806 F. App'x 549, 552 n.3 (9th Cir. 2020).

50. Therefore, each of the foregoing FDCPA claims are reasserted herein as "per se" violations of the CPA, and Defendants thus violated the Washington Consumer Protection Act on this basis as well.

## Request for Injunctive Relief

54. A plaintiff may seek injunctive relief for violations of the Consumer Protection Act. RCW 19.86.090.

55. Plaintiff does seek injunctive relief from this court which would enjoin Defendant from bringing legal action in the manner described above from both Plaintiff and any other person similarly situated. *Scott v. Cingular Wireless*, 160 Wn. 2d 843, 853 (2007).

56. Specifically, Plaintiff seeks an injunction prohibiting Defendant from bringing legal action against Plaintiff and others without providing a disclosure as required by RCW 19.16.260(2)(c)(v).

57. Plaintiff has reason to believe that these actions make up a pattern and practice of behavior and have impacted other individuals.

COMPLAINT FOR A CIVIL CASE - 9

58. Injunctive relief is necessary to prevent further injury to the plaintiff and to the Washington public as a whole.

59. Injunctive relief should therefore be issued as described herein.

## JURY DEMAND AND PRAYER FOR RELIEF

Wherefore, Plaintiff Jessica West, respectfully demands a jury trial and requests that judgment be entered in favor of the Plaintiff against Defendant for:

(A) Actual, statutory damages, cost pursuant to 15 U.S.C. § 1692k.

(B) For statutory damages of $7,500.00 per violation for Washington Collection Agency Act and Consumer Protection Act violations.

(C) For treble damages, pursuant to RCW 19.86.090, calculated from the damages determined by the court.

(D) For injunctive relief pursuant to RCW 19.86.090 as described above.

(E) For such other legal and/or equitable relief as the Court deems appropriate.

Date:

*[signature]*
Jessica West
westjessica253@gmail.com
7015 S D Street APT 4-208
Tacoma, WA 98408

## ELECTRONICALLY STORED INFORMATION REQUEST

This notice is to demand that you preserve all documents, tangible things and electronically stored information ("ESI") potentially relevant to any issues in the above-entitled matter. This specifically includes, but is not limited to, all information pertaining to the above matter, including specifically all recordings of any telephone communication between your company and Plaintiff.

As used in this request, "you" and "your" or "your client" refers to your organizations, and its predecessors, successors in interest, assignees, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, employees, servants, agents, attorneys, and accountants.

Much of the information subject to disclosure or responsive to discovery is stored on your client's current and former computer systems and other media and devices (such as: personal digital assistants, voice-messaging systems, online repositories and cell phones).

Electronically stored information ("ESI") should be afforded the broadest possible definition and includes (for example and not as an exclusive list) potentially relevant information whether electronically, magnetically or optically stored.

This preservation obligation extends beyond ESI in yours or your client's care, possession or custody and includes ESI in the custody of others that is subject to your client's direction or control. You must notify any current or former

agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your client's obligation to do so, and you must try to secure their compliance.